IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STANLEY D. POWELL,

                Petitioner,

     v.                             CASE NO. 12-3041-RDR

BEVERLY METCHALF,

                Respondent.

### MEMORANDUM AND ORDER

This matter comes before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, a resident of Mirror, Inc. in Wichita, Kansas, proceeds pro se and submitted the filing fee.

Petitioner was convicted in the U.S. District Court for the District of Colorado of four counts of possession with intent to distribute crack cocaine under 21 U.S.C. § 841(a)(1) and aiding and abetting under 18 U.S.C. § 2 in 1997. *U.S. v. Powell*, 166 F.3d 349 (10th Cir. 1998). He seeks relief on the ground that the district court lacked subject matter jurisdiction to sentence him for intent to distribute when distribution was not charged in the indictment.

### Discussion

The remedies available to a federal prisoner under 28 U.S.C. §2255 and 28 U.S.C. § 22241 are distinct. *See Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). Ordinarily, a challenge to the

validity of a prisoner's conviction or sentence must be presented pursuant to §2255 and must be filed in the district where the sentence was imposed. *Bradshaw v. Story*, 86 F.3d 164, 166-67 (10th Cir. 1996). In contrast, a prisoner may challenge the execution of a sentence by a petition under § 2241 and must file such an action in the district of confinement. Section 2241 does not provide an alternative or supplemental remedy to § 2255. *Id*. at 166.

A single exception to this distinction between the remedies is the "savings clause" of § 2255(e). That provision allows a prisoner to pursue a collateral challenge where it "appears that the remedy by motion [§ 2255] is inadequate or ineffective to test the legality of his detention." This exception is available "only in extremely limited circumstances." *Caravalho*, 177 F.3d at 1178.

The court notes petitioner unsuccessfully pursued his present claim for relief on direct appeal, and that the Tenth Circuit Court of Appeals squarely rejected it, stating:

> ...the government did not modify any essential element of the indictment. The government's proof of distribution concurrently proved all the elements of possession with an intent to distribute. The video-taped evidence and the testimony of witnesses that Mr. Powell was selling crack cocaine established Mr. Powell's intent to sell as well as his distribution of drugs. The inclusion of a distribution instruction did not require the jury to look at facts or essential elements different than the considerations for a charge of possession with intent to distribute. Accordingly, there is no substantial likelihood Mr. Powell was convicted of an offense other than that charged. We are further persuaded that any variance between the conviction and the indictment was nominal and harmless. *United States v. Powell*, 166 F.3d 349, 1998 WL 794973, *2 (10th Cir. 1998).[1]

---

[1] A copy of this unpublished order is attached.

Although petitioner asserts this decision is invalid due to government conspiracy, judicial corruption, and fraud on the court, he offers no more than generalized allegations. The court has considered the record and finds no basis to allow this matter to proceed under § 2241.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed.

IT IS FURTHER ORDERED petitioner's motion for the appointment of counsel (Doc. 5) is denied as moot.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED:  This 25th day of July, 2012, at Topeka, Kansas.


S/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge